UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| CLARENCE JONES, | : Case No. 2:23-cv-922 |
| Petitioner, | : |
| vs. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| TIMOTHY SHOOP, WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION | : |
| Respondent. | : |

# REPORT AND RECOMMENDATION

The habeas corpus Petition in this matter was submitted by Clarence Jones, an inmate in state custody, on February 26, 2023. (Doc. 1, PageID 16). On March 13, 2023, after a preliminary review of the Petition, the Undersigned issued a Show Cause Order to Jones, explaining that the Petition may be subject to dismissal as unexhausted:

> The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Supreme Court of Ohio. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If a petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional and habeas corpus relief may be denied on the merits notwithstanding a petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner acknowledges here that his Petition is, in part, unexhausted. (*See* Doc. 1, PageID 8, 13). He submits that his First Ground for relief—concerning the denial of motion to suppress evidence obtained at or after a traffic stop—is exhausted. (Doc. 1, PageID 6, 13). He notes that his Second Ground for relief—concerning trial counsel's alleged failure to relay a plea offer to him—is "still pending in the state court[.]" (Doc. 1, PageID 8, 13). A review of the online docket of Petitioner's criminal case confirms this.

In this case, Petitioner challenges his conviction and sentence in Case Number 19CR-0146 in the Common Pleas Court of Jackson County, Ohio.[1] (Doc. 1, PageID 1). It appears that Petitioner's direct appeal of that judgment concluded when the Supreme Court of Ohio declined to accept jurisdiction over it and Petitioner did not seek further review in the Supreme Court of the United States. (*See* Doc. 1, PageID 3-4). He did file an application to reopen his appeal, which Ohio's Fourth Appellate District denied on February 3, 2023. (*See* Doc. 1-5, PageID 31-34).

The online docket of Case No. 19CR-0146 reflects that Petitioner filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" pursuant to Ohio Rev. Code § 2953.21 on October 20, 2022. As of this writing, the post-conviction petition has not been resolved, and it remains to be seen whether Petitioner will pursue an appeal from an unfavorable decision, if one is rendered.

Because Petitioner's post-conviction petition (and any appeals from an unfavorable decision) in the state courts have not been resolved, it appears that the habeas corpus petition currently before this Court is, at least in part, unexhausted and subject to dismissal.

Petitioner indicates in his Petition that he seeks or will seek a stay of these proceedings to exhaust his state court remedies. (Doc. 1, PageID 8). But Petitioner has not filed a motion to stay or given any reasons why a stay, rather than dismissal,

---

[1] Available by name or case number search at https://eservices.jacksonohcountycourts.org/eservices/home.page.7 (accessed March 13, 2023). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

> would be appropriate. *See Rhines v. Weber,* 544 U.S. 269 (2005) (discussing the "limited circumstances" in which a stay may be available).
>
> Petitioner is **ORDERED** to show cause why this case should not be dismissed without prejudice on the ground that available state court remedies have not been exhausted. He shall submit a written response to the Court **within thirty days** of the date of this Show Cause Order. Petitioner is **ADVISED** that failure to respond to this Show Cause Order within thirty days will result in the case being dismissed for want of prosecution.

(Doc. 2) (footnote as in original). The Show Cause Order was sent to Petitioner at two addresses, as the Court noticed that Petitioner appeared to have been transferred to a different institution.[2] (*See* Doc. 2, PageID 41). Petitioner has not yet updated his address with the Court.

Petitioner has also not responded to the Show Cause Order in any way. His response was due on April 12, 2023. To date, no other action has been taken in the case.[3]

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")). Here, Petitioner was warned that his case would be dismissed

---

[2] According to the website of the Ohio Department of Rehabilitation and Correction, Petitioner is currently incarcerated at North Central Correctional Institution. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A778765 (last accessed May 17, 2023). When he filed his Petition, Petitioner indicated that he was in custody at Chillicothe Correctional Institution. (Doc. 1, PageID 2).

[3] According to the online docket of Petitioner's criminal case, the Petition to Vacate or Set Aside Judgment of Conviction or Sentence had not been resolved as of the date of this writing.

3

if he did not respond to the Court's Show Cause Order, but he did not respond. (*See* Doc. 2, PageID 41). He has taken no action in the case since he submitted the Petition in February, nearly three months ago. (*See* Doc. 1, PageID 16).

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** Petitioner's habeas corpus action, without prejudice, for failure to prosecute. *See Allen v. King*, No. 2:21-cv-10908, 2021 WL 5499243, at *2 (E.D. Mich. Nov. 22, 2021) (citing *Burch v. Trombley*, No. 05-cv-72234, 2007 WL 1424207, *1-2 (E.D. Mich. May 11, 2007)) (wherein the district court dismissed a habeas petition without prejudice for failure to prosecute when petitioner failed to respond to an order to show cause why his mixed petition should not be dismissed as unexhausted).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to respond with the Court's Show Cause Order. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 1:15-cv-1157, 2016 WL 4705599, at *4 (W.D. Tenn. Sept. 8, 2016) ("The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case.").

Finally, the Undersigned **RECOMMENDS** that the Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petition leave to proceed *in forma pauperis* on appeal.

The Clerk of Court is again **DIRECTED** to send a copy of this document to Petitioner at **(1)** Chillicothe Correctional Institution and **(2)** North Central Correctional Institution, and to note the mailing on the docket. Petitioner is again advised that he that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 18, 2023                                     *s/Peter B. Silvain, Jr.*
                                                 Peter B. Silvain, Jr.
                                                 UNITED STATES MAGISTRATE JUDGE